UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID KURZ, on behalf of himself and all
others similarly situated,

      Plaintiff,

      v.

FIDELITY MANAGEMENT &
RESEARCH COMPANY and FMR CO.,
INC.,

      Defendants.

Case No. 07-cv-592-JPG

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. "Federal courts are courts of limited jurisdiction, with power to hear a case only if such power is granted by the Constitution and authorized by statute, and the presumption is that a case lies outside of this limited jurisdiction." *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 738 (S.D. Ill. 2006). "Because a federal court's jurisdiction is limited, it has a 'nondelegable duty to police the limits of federal jurisdiction with meticulous care.'" *Id*. (quoting *Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991)). The limited nature of federal subject matter jurisdiction imposes on federal courts a duty to examine their jurisdiction at every stage of a proceeding, sua sponte if need be. "Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). *See also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d

774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction."); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").

      The plaintiff, David Kurz, alleges that he is a former client of the defendants, Fidelity Management & Research Company ("Fidelity") and FMR Co., Inc., which he alleges are registered investment advisers or affiliated persons of such advisers, presumably within the meaning of Section 80b-2(a)(11) and (a)(12) and Section 80b-3 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-1-80b-21.  Kurz alleges that the defendants "create, manage, and advise a number of investment portfolios, including the portfolios invested in by [Kurz]." Complaint ¶ 5.  Kurz alleges that the defendants violated their duty of "best execution" to investors like him by failing to obtain from brokers executing portfolio transactions directed by the defendants the most favorable terms reasonably available under the circumstances and instead allowing the defendants' traders to steer execution brokerage business to Jeffries & Co. ("Jeffries") in return for lavish personal gifts from Jeffries to the traders.  *See, e.g., In re Portfolio Advisory Servs.*, Investment Advisers Act Release No. IA-2038, 77 SEC Docket 2759, 2002 WL 1343823, at *2 (June 20, 2002) ("An investment adviser's fiduciary duty includes the requirement to seek best execution of client securities transactions . . . . To fulfill this duty, investment advisers should . . . periodically and systematically . . . evaluate the execution they are receiving for clients."); *Securities; Brokerage & Research Servs.*, Exchange Act Release No. 34-23170, 35 SEC Docket 703, 1986 WL 630442, at *8, *11 (Apr. 23, 1986) ("[A]n adviser, as a fiduciary, owes its clients a duty of obtaining the best execution on securities transactions . . . . As a fiduciary, a money manager has an obligation [of] 'best execution' of

clients' transactions under the circumstances of the particular transaction. The money manager must: execute securities transactions for clients in such a manner that the client's total cost or proceeds in each transaction is the most favorable under the circumstances."); *In re Kidder, Peabody & Co.*, Exchange Act Release No. 34-8426, Investment Advisers Act Release No. IA-232, 43 SEC 911, 1968 WL 87652, at *4 (Oct. 16, 1968) ("An investment adviser is a fiduciary who is required to serve the interests of his client with undivided loyalty . . . . One of the basic duties of a fiduciary is the duty to execute securities transactions for clients in such a manner that the client's total cost or proceeds in each transaction is the most favorable under the circumstances. This duty encompasses not only obtaining 'best execution' in the marketplace, but encompasses the obligation of an investment adviser, who is a fiduciary, to execute transactions for advisory clients on an agency rather than a principal basis[.]") (citations omitted).

     Kurz alleges that Fidelity ultimately agreed to pay $42 million and interest to the company's family of mutual funds as redress to shareholders for the violations of Fidelity's best execution obligations asserted in Kurz's complaint. Kurz alleges state-law claims for breach of best execution contracts between the defendants and execution brokers, and seeks to represent a class of clients of the defendants from May 1, 2002, until October 31, 2004, who liquidated their investments and/or terminated their management agreements with the defendants before December 21, 2006, and whose investment portfolios included at least one transaction in which the defendants used Jeffries as the execution broker. Kurz's complaint asserts federal subject matter jurisdiction on the basis of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

Under CAFA, federal courts have jurisdiction in diversity over class actions and putative class actions involving one hundred or more class members in which any member of the plaintiff class is a citizen of a state different from that of any defendant, and in which, after aggregating all claims of class members, an amount in excess of $5 million, exclusive of interest and costs, is in controversy.  *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2)(A), (d)(5)(B), (d)(6), (d)(8); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 758 (7th Cir. 2006); *Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co.*, No. 06-cv-678-DRH, 2007 WL 2122420, at *1 (S.D. Ill. July 20, 2007); *Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 2003092, at *2 (S.D. Ill. July 6, 2007); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *2 (S.D. Ill. Nov. 22, 2006); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006).  Specifically, CAFA provides, in pertinent part:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).  In this instance, it appears from the face of Kurz's operative complaint in this case that he is a citizen of Illinois and that the defendants are citizens of Massachusetts, and that an amount in excess of $5 million, exclusive of interest and costs is in controversy between the parties.  However, while this case meets the general requirements for the exercise of federal diversity jurisdiction under CAFA, it is not clear whether this case comes within one of

4

the enumerated statutory exceptions to such jurisdiction. CAFA provides certain exceptions to subject matter jurisdiction under the statute:

> (9) Paragraph (2) shall not apply to any class action that solely involves a claim –
> (A) concerning a covered security as defined under 16(f)(3) . . . of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
> (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

28 U.S.C. § 1332(d)(9).[1]

A "covered security" for purposes of Section 78bb of the Securities Exchange Act of 1934 is defined as follows:

> (E) Covered security
> The term "covered security" means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933 [15 U.S.C.A. § 77r(b)], at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under the Securities Act of 1933 [15 U.S.C.A. § 77a et seq.] pursuant to rules issued by the Commission under section 4(2) of that Act [15 U.S.C.A. § 77d(2)].

15 U.S.C. 78bb(f)(5)(E).[2] Turning then to 15 U.S.C. § 77r(b) to elucidate the meaning of the term "covered security" as employed in 15 U.S.C. 78bb(f)(5)(E), Section 77r(b) of the Securities

---

1.   The provisions of CAFA regarding removal of class actions from state court contain an identical limitation on federal subject matter jurisdiction under the statute, although, of course, this case was filed originally in federal court, rather than removed from state court. *See* 28 U.S.C. § 1453(d).

2.   The Court notes that the reference in 28 U.S.C. § 1332(d)(9)(A) to 15 U.S.C. § 78p(f)(3) likely is a drafting error in the statute. The statutory reference probably should have been to 15 U.S.C. § 77p(f)(3), which is substantially identical to 15 U.S.C. § 78bb(f)(5)(E).

Act of 1933 ("Securities Act") provides, in pertinent part:

> (b) Covered securities
> For purposes of this section, the following are covered securities:
> (1) Exclusive Federal registration of nationally traded securities
> A security is a covered security if such security is –
> (A) listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);
> (B) listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or
> (C) is a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).
> (2) Exclusive Federal registration of investment companies
> A security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940 [15 U.S.C.A. § 80a-1 et seq.].

15 U.S.C. § 77r(b). A "security" for purposes of Section 77b(a)(1) of the Securities Act is defined as follows:

> The term "security" means any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a "security", or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

15 U.S.C. 77b(a)(1). *See also Reves v. Ernst & Young*, 494 U.S. 56, 61 (1990) (in furtherance of its goal of protecting investors, Congress defined the term "security" in 15 U.S.C. § 77b(a)(1) in terms "sufficiently broad to encompass virtually any instrument that might be sold as an investment").

In view of the allegations of Kurz's operative complaint, the Court has significant concerns that this case solely involves a claim concerning a covered security or a claim that relates to the rights, the duties, including fiduciary duties, and the obligations relating to or created by or pursuant to a security, including registered mutual fund shares.  If so, the Court cannot exercise federal diversity jurisdiction in this case pursuant to CAFA.  *See, e.g., Williams v. Texas Commerce Trust Co. of N.Y.*, No. 05-1070-CV-W-GAF, 2006 WL 1696681, at \*\*3-5 (W.D. Mo. June 15, 2006) (removal under CAFA was improper in a class action based upon alleged breaches of fiduciary duty owed by the defendants, as indenture trustees, to the class members, as debenture holders); *Carmona v. Bryant*, No. CV-06-78-S-BLW, 2006 WL 1043987, at \*\*1-3 (D. Idaho Apr. 19, 2006) (holding that federal subject matter jurisdiction did not exist and remanding a case removed to federal court under CAFA where the asserted claim for breach of fiduciary duty was based on securities); *Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Group, Inc.*, No. Civ. 3:05-0451, 2005 WL 2000658, at \*1 (M.D. Tenn. Aug. 18, 2005) (removal from state court under CAFA was improper because the class action was based solely upon breach of fiduciary duty in connection with a security, which is a "carve out" from the statute).

In view of the Court's concerns outlined above, Kurz is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction.  Kurz **SHALL** file a brief of not more than twenty (20) pages addressing the jurisdictional concerns raised in this Order not later than **twenty (20) days** from the date of entry of this Order.  In the said brief, Kurz **SHALL** also address the issue of whether, if the Court does not possess federal subject matter jurisdiction in this case under CAFA, the Court nonetheless possesses subject matter jurisdiction pursuant to the Securities Litigation Uniform Standards Act of 1998,

Pub. L. 105-353, 112 Stat. 3227 (codified at 15 U.S.C. § 77p(b)-(f) and 15 U.S.C. § 78bb(f)). *See Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 695-96 (S.D. Ill. 2007); *Spurgeon v. Pacific Life Ins. Co.*, Nos. 06-cv-0983-MJR, 06-cv-0925-MJR, 2007 WL 685943, at *1, *6 (S.D. Ill. Mar. 6, 2007); *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1104 (S.D. Ill. 2007). If the defendants, who have appeared but not yet answered or otherwise pleaded to the complaint, wish to address the jurisdictional concerns raised by this Order, the defendants **SHALL** do so by a brief of not more than twenty (20) pages filed not later than **twenty (20) days** from the date of entry of this Order.

**IT IS SO ORDERED.**
**DATED: September 18, 2007**

               **s/ J. Phil Gilbert**
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**