UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID KURZ, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>       Defendants. | Case No. 07-cv-592-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

   This case, which was filed in this Court on August 17, 2007, is a putative class action in which the existence of federal subject matter jurisdiction is asserted by the plaintiff, David Kurz, on the basis of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). On September 18, 2007, the Court ordered Kurz to show cause why this action should not be dismissed for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(9)(A) and (C). *See Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-592-JPG, 2007 WL 2746612, at \*\*2-4 (S.D. Ill. Sept. 18, 2007). *See also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992) ("Want of subject-matter jurisdiction is not waivable – until the loser has exhausted his appellate remedies, after which courts will not treat the judgment as void unless the jurisdictional error is egregious[.]"); *Kitson v. Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D. Ill. 2006) (citing

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)) ("[S]ubject matter jurisdiction cannot be created through . . . laches, waiver, or estoppel[.]").  In the September 18 order, the Court directed Kurz to show cause whether, if federal subject matter jurisdiction does not exist in this case under CAFA, federal subject matter jurisdiction nonetheless exists pursuant to the Securities Litigation Uniform Standards Act of 1998, Pub. L. 105-353, 112 Stat. 3227 (codified at 15 U.S.C. § 77p(b)-(f) and 15 U.S.C. § 78bb(f)).  *See Kurz*, 2007 WL 2746612, at *4.  On September 27, 2007, Kurz filed a notice of voluntary dismissal of this action without prejudice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure (Doc. 15).

At one time it was the law of this Circuit that voluntary dismissal of a class action, including a putative class action, is governed by Rule 23 of the Federal Rules of Civil Procedure. *See, e.g., Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321, 324 (7th Cir. 1995); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 625-28 (7th Cir. 1986); *Simer v. Rios*, 661 F.2d 655, 665 (7th Cir. 1981); *Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc.*, 70 F. Supp. 2d 888, 898 (E.D. Wis. 1999); *Nagel v. ADM Investor Servs., Inc.*, 65 F. Supp. 2d 740, 747 (N.D. Ill. 1999); *Rotzenburg v. Neenah Joint Sch. Dist. of Winnebago County, Neenah, Wis.*, 64 F.R.D. 181, 182 (E.D. Wis. 1974).  As amended in 2003, however, Rule 23 provides that "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified* class." Fed. R. Civ. P. 23(e)(1)(A) (emphasis added).  "[T]he 2003 amendments make clear that Rule 23 . . . only applies to the 'claims, issues, or defenses of a certified class.'  Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of [Rule 23]." *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 764 (S.D. Ill. 2006) (quoting 7B

2

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1797 (3d ed. 1998 & Supp. 2006)).  Because no class has been certified in this case, the question of voluntary dismissal in this instance is governed not by Rule 23 but by Rule 41.

Rule 41 provides, in pertinent part, that "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]" Fed. R. Civ. P. 41(a)(1)(i).  "Unless otherwise stated in the notice of dismissal . . . , the dismissal is without prejudice[.]"  *Id*.  A plaintiff's right to voluntary dismissal by notice before the filing of an answer or a motion for summary judgment is "absolute."  *Hare v. Abbott Labs.*, No. 97 C 2692, 1997 WL 223056, at *1 (N.D. Ill. Apr. 29, 1997); *Miller v. Stewart*, 43 F.R.D. 409, 411 (E.D. Ill. 1967).  *Accord Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993); *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993); *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976).[1]  Further, the absolute right to voluntary dismissal under Rule 41(a)(1)(i) applies even where, as in this case, a question has arisen as to a federal court's subject matter jurisdiction.  *See University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *Nemaizer v. Baker*, 793 F.2d 58, 64-65 (2d Cir.1986); *Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers*, 452 F.2d 794, 797-98 (5th Cir. 1971); *Harden v. Field Mem'l Cmty. Hosp.*, Civil Action No. 5:06cv158-DCB-JMR, 2007 WL 1141500, at *2 & n.6 (S.D. Miss. Apr. 17, 2007); *Steiner v. Atochem, S.A.*, No. 89 CIV.7990

---

1.  The "absolute" right to voluntary dismissal without prejudice created by Rule 41(a)(1)(i) is subject to the important qualification, of course, that under the so-called "two-dismissal" rule the claims of a plaintiff who seeks voluntary dismissal under Rule 41(a)(1) a second time are dismissed with prejudice.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990); *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 143 (7th Cir. 1978); *Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *2 n.2 (S.D. Ill. June 15, 2007).

(JFK), 2002 WL 1870322, at **3-4 (S.D.N.Y. Aug. 13, 2002); *Harvey Honore' Constr. Co. v. Louisiana Associated Gen. Contractors, Inc.*, Civ. A. Nos. 96-1976, 95-3699, 1996 WL 627993, at **1-2 & n.9 (E.D. La. Oct. 28, 1996).

In this case the defendants, Fidelity Management & Research Company and FMR Co., Inc., have filed neither an answer nor a motion for summary judgment.  Accordingly, Kurz's notice of voluntary dismissal without prejudice under Rule 41(a)(1)(i) has divested the Court of jurisdiction to entertain this case.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077-78 (7th Cir. 1987); *Bryan v. Smith*, 174 F.2d 212, 214 (7th Cir. 1949); *Piper Jaffray & Co. v. Severini*, 443 F. Supp. 2d 1016, 1020-21 (W.D. Wis. 2006).  *See also University of S. Ala.*, 168 F.3d at 409 ("Voluntary dismissal [under Rule 41(a)(1)(i)] normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction."); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) ("The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) . . . is to render the proceedings a nullity and leave the parties as if the action had never been brought."); *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment . . . .  Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).").  *Cf. Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 996 (6th Cir. 1987) (the district court had no jurisdiction to enforce a settlement agreement where a prior unconditional dismissal, based on the parties' stipulation for dismissal with prejudice following a settlement agreement, was not vacated nor the proceedings reopened).

Where, as here, a plaintiff is entitled to voluntary dismissal as of right without prejudice pursuant to Rule 41(a)(1)(i), the plaintiff's notice of dismissal, although it must be served on all other parties under Rule 5(a) of the Federal Rules of Civil Procedure, is effective upon filing with the Clerk of Court; it closes the case of its own force, and the Court is not required to issue an order granting dismissal, nor can the Court impose conditions upon dismissal.  *See Szabo Food Serv., Inc.*, 823 F.2d at 1078; *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983); *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 889 (7th Cir. 1972) (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)); *Madsen v. Park City*, 6 F. Supp. 2d 938, 943 (N.D. Ill. 1998); *LaSalle Capital Group, Inc. v. Alexander Doll Co.*, No. 95 C 1640, 1995 WL 584429, at *5 (N.D. Ill. Oct. 2, 1995); 9 Wright & Miller, *Federal Practice & Procedure* § 2363 (collecting cases).  Accordingly, the Court concludes that the effect of Kurz's notice of voluntary dismissal is to effect dismissal of this action without prejudice.  Therefore, the Court's order entered September 18, 2007, directing Kurz to show cause why this action should not be dismissed for lack of subject matter jurisdiction is hereby **DISCHARGED**.  The Court's file in this action is **CLOSED**.

**IT IS SO ORDERED.**
**DATED: October 4, 2007**

**s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**